IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 23 2013
CLERK, U.S. DISTRICT COURT
By_____
     Deputy

NATHAN DARRELL NEIGHBORS, §
§
　　　　Plaintiff, §
§
VS. § NO. 4:12-CV-539-A
§
SHERIFF D. ANDERSON OF §
TARRANT COUNTY, §
§
　　　　Defendant. §

O R D E R

Plaintiff, Nathan Darrell Neighbors, who is incarcerated in a facility with the Texas Department of Criminal Justice, filed the instant complaint pursuant to 42 U.S.C. § 1983, naming as defendant Dee Anderson, Sheriff of Tarrant County.[1] Plaintiff did not pay the filing fee, but in conjunction with his complaint filed a Prisoner Trust Fund Account Statement. The United States Magistrate Judge considered the trust fund account statement to determine plaintiff's qualification to proceed in forma pauperis.

In an order signed July 8, 2013, the magistrate judge determined that plaintiff has had three previous cases dismissed as frivolous and recommended that plaintiff not be allowed to

---

[1] Plaintiff filed this action in the United States District Court, Eastern District of Texas. That court on June 12, 2013, transferred the action to the Northern District of Texas, where it was placed on the docket of the undersigned.

proceed <u>in forma pauperis</u> in this action. The magistrate judge further recommended that if plaintiff was not permitted to proceed <u>in forma pauperis</u>, that he also be ordered to pay the full filing fee of $400.00 within seven days after this court made any final determinations concerning plaintiff's <u>in forma pauperis</u> status. The magistrate judge further recommended this court advise plaintiff that failure to pay the filing fee could result in the dismissal of this action without further notice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[2] The magistrate judge ordered that plaintiff file any objections by July 29, 2013. On July 22, 2013, plaintiff filed a document titled "Notice of Right to Object Actual Innocence," ("Objections"), which the court is construing as plaintiff's objections to the magistrate judge's recommendations.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of the magistrate judge's order to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667, 673-75 (1980). The majority of the Objections appears to expand on

---

[2] Rule 41(b) contemplates that a dismissal under it will be on motion of a defendant. However, the court has inherent authority to dismiss, <u>sua sponte</u>, an action for want of prosecution. See <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630 (1962); <u>Jones v. Caddo Parish Sch. Bd.</u>, 704 F.2d 206, 214 (5th Cir. 1983).

plaintiff's claims in his complaint.[3] Plaintiff makes no specific objections to the magistrate judge's order, but only alleges that he is in "imminent danger of serious physical injury" and "could get killed at any time as statistics claim." Objections at 7 (capitalization omitted).[4] However, plaintiff offers no facts to support these conclusory assertions either in the Objections or the complaint. The court therefore overrules plaintiff's objections and accepts the magistrate judge's recommendation that plaintiff be denied the right to proceed in forma pauperis in this action.

Therefore,

The court accepts the recommendations of the United States Magistrate Judge and ORDERS that plaintiff be, and is hereby, denied the right to proceed in forma pauperis in this action.

The court further ORDERS that by 4:00 p.m. on August 2, 2013, plaintiff pay to the Clerk of the court the full filing fee of $400.00.

The court further ORDERS that failure of plaintiff to comply with the terms of this order may result in the dismissal of this

---

[3] The complaint and the subjects raised in the Objections appear to challenge plaintiff's 2003 conviction in his state criminal case.

[4] These statements were likely in response to the note in the magistrate judge's order that plaintiff may not proceed in forma pauperis unless he is under imminent danger of serious physical injury.

3

action without further notice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

    SIGNED July 23, 2013.

_____
JOHN McBRYDE
United States District Judge